UNITED STATES OF AMERICA,

    Plaintiff,

v.

CONNIE KINSMAN,

    Defendant.

Case No. 06-CR- 

[18 U.S.C. §§ 371 & 2 and
31 U.S.C. § 5324(a)(3) and (d)(2)]

## INDICTMENT

### COUNT ONE: Conspiracy

THE GRAND JURY CHARGES:

1.  Between approximately March 7, 2002, and September 2004, in the State and Eastern District of Wisconsin, and elsewhere,

**CONNIE KINSMAN**

knowingly conspired with Keith Hughes to commit a series of offenses against the United States, namely to:

    a.    Structure the deposit of United States currency into, and the withdrawal of United States currency from, accounts held at domestic financial institutions, for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code and the regulations promulgated thereunder, in violation of Title 31, United States Code, Section 5324(a)(3) and 5324(d)(2); and

b.     Travel in interstate commerce with the intent to distribute the proceeds of unlawful structuring activity, in violation of Title 18, United States Code, Section 1952.

**Objects of the conspiracy**

2. The objects of the conspiracy were:

   a.     For Keith Hughes to obtain well over $200,000 in credit card loans, over a short time period, under the false pretense that he intended to repay those loans;

   b.     For Hughes to make only minimal payments on the credit card loans until the loans were written off as bad debt or otherwise avoided;

   c.     For Hughes to transfer the proceeds of the credit card loans covertly to Defendant Connie Kinsman via a series of structured currency transactions conducted at various financial institutions in Wisconsin;

   d.     For Hughes and Kinsman to travel from Wisconsin to Alabama to use the proceeds of the credit card loans and structured currency transactions to buy real property in Gulf Shores, Alabama;

   e.     For Hughes and Kinsman to title the Gulf Shores property in Kinsman's name in order to conceal from Hughes' creditors and others that the property had been purchased with the proceeds of Hughes' credit card loans and the structured currency transactions; and

f.   For Hughes and Kinsman to take other steps to help conceal Hughes' assets from his creditors, including transferring title of Hughes' Jeep to Kinsman.

3.   As a result of the conspiracy, between approximately November 2002 and November 2003, Hughes' creditors wrote off as bad debt or referred to collection agencies approximately 28 of Hughes' credit card loans, which involved over $270,000 in principal debt, plus additional amounts of unpaid fees and interest.

### Acts in furtherance of the conspiracy

4.   Between March 7, 2002, and October 11, 2002, Hughes obtained approximately $270,550 in credit card loans from at least 20 different credit card issuers.

5.   Between March 7, 2002, and July 6, 2002, Hughes deposited approximately $263,150 of those loan proceeds into five accounts he held in his name at four different banks located in Wisconsin: M&I Bank, Premier Bank, TCF Bank, and Guaranty Bank.

6.   Between April 3, 2002, and October 15, 2002, Hughes withdrew approximately $195,472.39 in cash from these bank accounts in Wisconsin. Those cash withdrawals were structured, that is, made in amounts of less than $10,000, to avoid the issuance of currency transaction reports that federal law requires banks to issue regarding cash deposits or withdrawals exceeding $10,000.

7.   Hughes handed most of this cash to Kinsman so that she could deposit it, in a structured manner, into accounts she opened in her name at Bank One and US Bank.

8.   Between April 9, 2002, and September 27, 2002, Kinsman deposited approximately $165,200 in cash she had received from Hughes into accounts in Kinsman's name

3

at Wisconsin branches of Bank One and US Bank. Kinsman structured all those cash deposits in amounts of less than $10,000. Kinsman also deposited into these accounts approximately $21,000 in checks she received from Hughes.

9. Between October 21, 2002, and December 18, 2002, Connie Kinsman withdrew approximately $183,596.85 in cash from her accounts at Wisconsin branches of Bank One and US Bank. Kinsman structured all those cash withdrawals in amounts of less than $10,000.

10. Between January 16, 2003, and March 28, 2003, Kinsman and Hughes deposited approximately $201,600 into three accounts held in Kinsman's name at Wisconsin branches of US Bank, Anchor Bank, and Wells Fargo Bank.

11. On or about February 5, 2003, Kinsman issued a $5,000 check on her US Bank account to Meyer Real Estate in Alabama.

12. On February 15, 2003, Kinsman opened a bank account in her name at the Anchor Bank branch in New Berlin, Wisconsin.

13. On that date, Kinsman and Hughes told an Anchor Bank employee that they would be making large cash transactions due to gambling activity.

14. On February 18, 2003, while depositing approximately $9,700 into Kinsman's account at the Anchor Bank branch in New Berlin, Wisconsin, Hughes told the teller that she did not have to complete a currency transaction report because the dollar amount of his deposit was less than $10,000.

15. Later, on February 18, 2003, Kinsman left a voice mail message for an employee at the Anchor Bank branch in New Berlin, Wisconsin, stating that she did not want a currency transaction report completed because the dollar amount of deposit was below the amount for which a report had to be filed.

16. On or about February 19, 2003, Kinsman called an employee at the Anchor Bank branch in New Berlin, Wisconsin, and again stated that she did not want a currency transaction report completed because deposit was less than the amount for which a report had to be filed.

17. On or about April 1, 2003, after transferring funds from her accounts at US Bank and Anchor Bank to her remaining account at Wells Fargo Bank, Kinsman withdrew approximately $180,186.69 from her Wells Fargo account to purchase a cashier's check payable to L.A. Title.

18. On or about April 4, 2003, Hughes and Kinsman used the $5,000 check drawn on Kinsman's US Bank account and the $180,186.69 cashier's check, most of which monies were derived from Hughes' credit card loans and subsequent structured financial transactions involving proceeds of those loans, to purchase a residence located at 6975 Lakeshore Drive, Gulf Shores, Alabama.

19. Hughes and Kinsman had the 6975 Lakeshore Drive, Gulf Shores, Alabama residence titled in Connie Kinsman's name only.

20. In or about April 2003, Hughes and Kinsman moved from Wisconsin to Gulf Shores, Alabama.

21. In October 2003, Hughes transferred the title of his 2001 Jeep to Kinsman.

22. Between approximately April 2002 and September 2002, Hughes made only minimum monthly payments or less on his credit card loans.

23. In October 2002 Hughes began making monthly payments of only approximately $10.00 per credit card.

All in violation of Title 18, United States Code, Section 371.

5

## COUNT TWO: Structuring

THE GRAND JURY FURTHER CHARGES:

24. Between approximately April 3, 2002, and October 15, 2002, in the State and Eastern District of Wisconsin, and elsewhere,

**CONNIE KINSMAN,**

for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code and the regulations promulgated thereunder, caused the structured withdrawal of approximately $195,472.39 in currency by causing the withdrawal to be broken up into the following transactions involving the indicated domestic financial institutions:

| Date | Cash Withdrawal | Financial Institution | Details |
|---|---|---|---|
| 4/3/2002 | $ 5,000.00 | Guaranty | |
| 4/4/2002 | $ 5,000.00 | Guaranty | |
| 4/4/2002 | $ 5,000.00 | Premier Bank | |
| 4/5/2002 | $ 1,899.06 | Premier Bank | |
| 04/01/02 to 04/11/2002 | $ 2,700.00 | Guaranty | 9 ATM Withdrawals of $300 |
| 4/12/2002 | $ 5,000.00 | M&I Bank | |
| 4/18/2002 | $ 5,000.00 | M&I Bank | |
| 4/30/2002 | $ 5,000.00 | M&I Bank | |
| 5/3/2002 | $ 5,000.00 | M&I Bank | |
| 5/8/2002 | $ 7,400.00 | M&I Bank | |
| 04/12/02 to 05/10/2002 | $ 6,600.00 | Guaranty | 22 ATM Withdrawals of $300 |
| 5/22/2002 | $ 3,000.00 | M&I Bank | |
| 5/24/2002 | $ 5,000.00 | Premier Bank | |
| 5/24/2002 | $ 5,000.00 | M&I Bank | |
| 5/30/2002 | $ 5,000.00 | M&I Bank | |
| 5/31/2002 | $ 400.00 | M&I Bank | |
| 6/7/2002 | $ 5,000.00 | M&I Bank | |
| 05/13/02 to 06/11/2002 | $ 5,400.00 | Guaranty | 18 ATM Withdrawals of $300 |

6

Case 2:06-cr-00341-RTR   Filed 12/19/06   Page 6 of 14   Document 1

| Date | Amount | Bank | Notes |
|---|---|---|---|
| 6/13/2002 | $ 5,000.00 | M&I Bank | |
| 6/25/2002 | $ 5,000.00 | M&I Bank | |
| 7/5/2002 | $ 250.00 | M&I Bank | |
| 7/8/2002 | $ 5,000.00 | M&I Bank | |
| 7/9/2002 | $ 5,000.00 | M&I Bank | |
| 06/12/02 to 07/11/2002 | $ 6,600.00 | Guaranty | 22 ATM Withdrawals of $300 |
| 7/12/2002 | $ 1,000.00 | M&I Bank | |
| 7/29/2002 | $ 5,000.00 | M&I Bank | |
| 8/2/2002 | $ 3,000.00 | M&I Bank | |
| 8/5/2002 | $ 3,802.08 | Peoples State Bank | |
| 8/12/2002 | $ 5,000.00 | M&I Bank | |
| 8/15/2002 | $ 5,000.00 | M&I Bank | |
| 8/19/2002 | $ 5,000.00 | M&I Bank | |
| 8/23/2002 | $ 5,000.00 | M&I Bank | |
| 07/29/02 to 08/23/2002 | $ 5,700.00 | Guaranty | 19 ATM Withdrawals of $300 |
| 08/24/02 to 08/29/2002 | $ 900.00 | Guaranty | 3 ATM Withdrawals of $300 |
| 9/3/2002 | $ 5,000.00 | M&I Bank | |
| 9/6/2002 | $ 5,000.00 | M&I Bank | |
| 9/10/2002 | $ 5,000.00 | M&I Bank | |
| 9/13/2002 | $ 5,000.00 | M&I Bank | |
| 9/19/2002 | $ 5,000.00 | M&I Bank | |
| 9/25/2002 | $ 5,000.00 | M&I Bank | |
| 9/30/2002 | $ 5,000.00 | M&I Bank | |
| 10/2/2002 | $ 5,000.00 | M&I Bank | |
| 10/4/2002 | $ 3,000.00 | M&I Bank | |
| 10/15/2002 | $ 3,821.25 | Bank One | |
| **Total:** | **$ 195,472.39** | | |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2) and Title 18, United States Code, Section 2.

## COUNT THREE: Structuring

THE GRAND JURY FURTHER CHARGES:

25. Between approximately April 9, 2002, and September 27, 2002, in the State and Eastern District of Wisconsin, and elsewhere,

**CONNIE KINSMAN,**

for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code and the regulations promulgated thereunder, structured the deposit of approximately $165,200.00 in currency by breaking up that deposit into the following transactions involving the indicated domestic financial institutions:

| Date | Cash Deposit | Financial Institution |
|---|---|---|
| 4/9/2002 | $ 500.00 | Bank One |
| 4/15/2002 | $ 5,000.00 | Bank One |
| 4/17/2002 | $ 5,000.00 | Bank One |
| 4/23/2002 | $ 5,000.00 | Bank One |
| 5/1/2002 | $ 5,000.00 | Bank One |
| 5/6/2002 | $ 5,000.00 | Bank One |
| 5/10/2002 | $ 7,400.00 | Bank One |
| 5/17/2002 | $ 5,000.00 | Bank One |
| 5/24/2002 | $ 5,000.00 | Bank One |
| 5/31/2002 | $ 5,000.00 | Bank One |
| 6/3/2002 | $ 5,000.00 | Bank One |
| 6/7/2002 | $ 5,000.00 | Bank One |
| 6/13/2002 | $ 5,000.00 | Bank One |
| 6/24/2002 | $ 5,000.00 | Bank One |
| 6/25/2002 | $ 5,000.00 | Bank One |
| 7/3/2002 | $ 4,000.00 | Bank One |
| 7/9/2002 | $ 5,000.00 | Bank One |
| 7/10/2002 | $ 5,000.00 | US Bank |
| 7/11/2002 | $ 9,000.00 | US Bank |
| 8/1/2002 | $ 6,000.00 | US Bank |

| Date | Amount | Bank |
|---|---|---|
| 8/14/2002 | $ 5,000.00 | US Bank |
| 8/15/2002 | $ 7,000.00 | Bank One |
| 8/21/2002 | $ 3,000.00 | US Bank |
| 8/22/2002 | $ 5,800.00 | Bank One |
| 9/3/2002 | $ 5,000.00 | US Bank |
| 9/4/2002 | $ 6,500.00 | US Bank |
| 9/9/2002 | $ 5,000.00 | US Bank |
| 9/11/2002 | $ 5,000.00 | Bank One |
| 9/16/2002 | $ 5,000.00 | US Bank |
| 9/18/2002 | $ 5,000.00 | US Bank |
| 9/20/2002 | $ 6,000.00 | US Bank |
| 9/27/2002 | $ 5,000.00 | US Bank |
| **Total:** | **$ 165,200.00** | |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2).

## COUNT FOUR: Structuring

THE GRAND JURY FURTHER CHARGES:

26. Between approximately October 21, 2002, and December 18, 2002, in the State and Eastern District of Wisconsin, and elsewhere,

**CONNIE KINSMAN,**

for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code and the regulations promulgated thereunder, structured the withdrawal of approximately $183,596.85 in currency by breaking up that withdrawal into the following transactions involving the indicated domestic financial institutions:

| Date | Cash Withdrawal | Financial Institution |
| --- | --- | --- |
| 10/21/2002 | $8,000.00 | US Bank |
| 10/21/2002 | $8,000.00 | Bank One |
| 10/28/2002 | $9,000.00 | US Bank |
| 10/28/2002 | $9,000.00 | Bank One |
| 10/29/2002 | $8,000.00 | US Bank |
| 10/29/2002 | $8,000.00 | Bank One |
| 11/4/2002 | $9,000.00 | US Bank |
| 11/4/2002 | $9,000.00 | Bank One |
| 11/6/2002 | $9,300.00 | US Bank |
| 11/6/2002 | $9,200.00 | Bank One |
| 11/18/2002 | $9,400.00 | US Bank |
| 11/19/2002 | $9,400.00 | Bank One |
| 11/21/2002 | $9,500.00 | US Bank |
| 11/25/2002 | $9,200.00 | Bank One |
| 11/26/2002 | $9,000.00 | US Bank |
| 12/2/2002 | $9,300.00 | US Bank |
| 12/4/2002 | $9,100.00 | Bank One |
| 12/5/2002 | $9,500.00 | US Bank |

10

| | | |
|---|---|---|
| 12/10/2002 | $9,500.00 | Bank One |
| 12/13/2002 | $8,000.00 | Bank One |
| 12/18/2002 | $5,196.85 | Bank One |
| **Total:** | **$183,596.85** | |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2) and Title 18, United States Code, Section 2.

11

## COUNT FIVE: Structuring

THE GRAND JURY FURTHER CHARGES:

27. Between approximately January 16, 2003, and March 28, 2003, in the State and Eastern District of Wisconsin, and elsewhere,

**CONNIE KINSMAN,**

for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code and the regulations promulgated thereunder, structured the deposit and caused the structured deposit of approximately $201,600.00 in currency by breaking up that deposit and causing that deposit to be broken up into the following transactions involving the indicated domestic financial institutions:

| Date | Cash Deposit | Financial Institution |
|---|---|---|
| 1/16/2003 | $8,000.00 | US Bank |
| 1/24/2006 | $5,000.00 | Wells Fargo |
| 1/30/2003 | $6,000.00 | US Bank |
| 2/10/2003 | $9,500.00 | Wells Fargo |
| 2/10/2003 | $9,500.00 | US Bank |
| 2/15/2003 | $5,000.00 | Anchor Bank |
| 2/18/2003 | $9,700.00 | Wells Fargo |
| 2/18/2003 | $9,700.00 | Anchor Bank |
| 2/18/2003 | $9,600.00 | US Bank |
| 2/20/2003 | $9,500.00 | Wells Fargo |
| 2/20/2003 | $9,500.00 | US Bank |
| 2/24/2003 | $9,000.00 | Wells Fargo |
| 2/24/2003 | $9,000.00 | Anchor Bank |
| 2/24/2003 | $9,000.00 | US Bank |
| 2/28/2003 | $8,900.00 | US Bank |
| 3/5/2003 | $9,500.00 | Wells Fargo |
| 3/5/2003 | $8,900.00 | Anchor Bank |
| 3/5/2003 | $9,500.00 | US Bank |
| 3/12/2003 | $9,400.00 | Anchor Bank |
| 3/12/2003 | $9,400.00 | US Bank |

| | | |
|---|---|---|
| 3/14/2003 | $9,400.00 | Wells Fargo |
| 3/20/2003 | $9,100.00 | Wells Fargo |
| 3/28/2003 | $9,500.00 | Wells Fargo |
| **Total:** | **$201,600.00** | |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2) and Title 18, United States Code, Section 2.

## Forfeiture Notice

28. If the defendant is convicted of any of the above offenses, she shall forfeit to the United States, pursuant to Title 31, United States Code, Section 5317(c), all property, real or personal, involved in the offense and any property traceable thereto, including but not limited to the following:

   a. The real property located at 6975 Lakeshore Drive, Gulf Shores, Alabama; and

   b. A sum of money equal to the amount of property involved, directly or indirectly, in the offense.

29. If any of the above-described forfeitable property, as a result of any act or omission by a defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, all pursuant to Title 18, United States Code, Section 982; Title 21, United States Code, Section 853; and Title 31, United States Code, Section 5317(c).

A TRUE BILL:

_____
FOREPERSON

12-19-06
Date

_____
STEVEN M. BISKUPIC
United States Attorney

14

Case 2:06-cr-00341-RTR   Filed 12/19/06   Page 14 of 14   Document 1